The next case today is United States v. Carlos Concepcion, appeal number 192025. Attorney Ritchie, whenever you're ready. May it please the court. Good morning. Martin Ritchie for Appellant Mr. Concepcion. Chief Judge Howard, may I also reserve two minutes for rebuttal please? Yes you may. In United States v. Carl Smith in April, this court addressed the threshold issue of eligibility for relief under Section 404, the First Step Act. This case presents the important issue left open in Smith, that is what procedure applies in Section 404 proceedings once eligibility has been determined. Our position, supported by recent First Step Act decisions of the Fourth Circuit in Chambers, the Sixth Circuit in Boulding, and the Seventh Circuit in Corner, is that Section 404 requires a baseline of process that includes a consideration of the 3553A factors anew, including in other words, a recalculation of the guidelines under the current guideline manual. Because the district court here ruled it could not consider the current guidelines or intervening amendments, our position is that it erred as a matter of law. Now, the government conceives that 3553A applies at Section 404 resentencings, but it takes an inherently contradictory position that, in this case at least, Section A4 and A5, in other words, the guideline calculation under today's guidelines, do not. This bifurcated approach to 3553A makes no common sense, and nor is it supported by the text of Section 404. When Congress enacted Section 404, it did so against the backdrop of other statutes, including 18 U.S.C. Section 3661 that says that no limitations shall be placed on information about a defendant or the offense that a judge may consider when imposing an appropriate sentence. The statute uses the term impose. 3553A likewise says that a judge shall impose a sentence sufficient but not greater than necessary and enumerates. Just so I understand, is your position then that the text best supports the conclusion that there should be a plenary resentencing under 404? I'm not arguing we have to get there, but I want to understand your textual argument. What limit do you see in 404 if we accept as much as you want us to accept that can be considered anew under 404? What would be the basis for saying then, if you're right, the text would somehow not allow a plenary resentencing? I think that the text would allow a plenary resentencing. Is that what we're necessarily accepting? No. Then how could we accept your position and explain under the text why we are not also saying 404 permits a plenary resentencing? Well, for one thing, 404B says the court may impose a reduced sentence. It doesn't allow a higher sentence. A plenary resentencing, as I would understand the term, would mean you could impose a higher sentence. That's one answer, Your Honor. Is that the only limitation? It's the only limitation that I can think of right now. Okay. Also, Mr. Ritchie, it would be helpful to me if you would distinguish between the discretionary and the imperative. You've quoted statutory language that says, for example, may consider, and it seems to me that we're asking two different questions. We're not arguing in this case that the district court, in its discretion, could have considered certain factors. You're arguing that the district court was obliged to follow a certain procedure which would bring certain factors before the court, and I'd like to keep that distinction in mind in trying to sort out your arguments. Yes, Your Honor. I am arguing the latter, that the court is obliged to recalculate the guidelines under the current manual. So may consider language in the statute doesn't really seem to give much steam to that argument. Well, the statute gives the district court discretion as to whether to allow a reduction in sentence or whether to impose a reduced sentence, but that discretion cannot be unbounded. It has to be guided, and our position is that the process that guides it is, first, a recalculation of the guidelines. Well, where do you derive that from the text of the First Step Act? Go ahead. Two instances, going back to the term impose, which the Fourth Circuit found very important and connotes, found it significant and connotes more than a mechanical application of the Fair Sentencing Act, and that when a court imposes a sentence, GAL requires that the guidelines be calculated and they be calculated correctly. So that's as to the term impose, and then in 404c, the statute excludes defendants from moving if they have already benefited from the Fair Sentencing Act or if they have had a prior motion denied after a complete review on the merits. And the Sixth Circuit in bolding found that that language implied that a floor of process, a minimum of a calculation of the guidelines, accurate guidelines, and consideration of 3553a. Why does that follow from the text where the limitation on a court simply deciding not to go ahead and impose any sort of a new sentence is that it must undergo a complete review of the all this recalculating? Well, complete review on the merits, what are the, it begs the question, what are the merits? And I think your position would be whatever is in the motion must be adhered to by the judge, and I'm suggesting that the judge, that it actually does beg the question. Well, so it was in the motion here, it came in via the counsel's reply, and so it became part of the merits argument. The district court found that it couldn't consider it. No, no, I don't think the district court found that it couldn't consider it. I think the district court found that it wouldn't consider it. I disagree, Judge Selya. Maybe judge Young's memorandum a little differently. On pages six and eight of his decision, in the addendum at six and eight, he says that it says at page six, to the extent that Concepcion requests the court resentence him under the First Step Act to consider Amendment 798, that was the amendment to the Career Offender Guideline, his entreaty is unavailing as Section 404 does not authorize such relief. That is a statement that it can't consider that. And then at page eight of the court's decision, he says Amendment 798's changes go beyond the scope that the First Step Act expressly permits a court to consider when imposing reduced sentence pursuant to the Fourth Amendment. Both of those statements deal with a specific issue. That is whether the district court, at a resentencing or on a motion to resentence under the First Step Act, can apply retroactively a guideline that the Sentencing Commission has declined to make non-retroactive. Judge Young says elsewhere in the memo that he can take the change in Career Offender Guidelines into account as an environmental factor, but he obviously can't apply a guideline that the Sentencing Commission has told him is not to be applied retroactively. Your Honor, he doesn't say that he can take that into effect. He simply doesn't. This isn't a case where he looked at what the career offender range was and what the non-career offender range was and decided that he didn't want to depart or vary downward. He did not do that. His opinion starts at it saying that the case required him to consider the reach of Section 404 of the Act, and then he specifically determines that he can't. Judge Young casts it in terms of whether he can apply Amendment 798, and that's the title of that third section of the opinion, but he's essentially saying he can't consider the current guidelines. Could you, just going back to Judge Selye's question about the may versus must, I take it your position as a threshold question is the word imposed suggests that there is no way to read Section 404 to confine the judge to consider solely the change that the which is to make the Fair Sentencing Act retroactive, okay? And I, yes, and you say the word imposed supports that position, and then in our copy you went to the point of saying other than the fact that it has to be a reduction, it can't be an increase, that word imposed suggests that anything you could consider at a regular sentencing proceeding can be considered at the proceeding or the sentencing decision that's made pursuant to the First Act. Then we get to the question of if that's the scope of it, whether all of that must be considered or whether it simply may be considered. Could you just walk me through the text that suggests that it's must is the better reading than may? Well, first I want to be clear that I'm not arguing that the judge must apply the current guidelines. I'm not, I don't think you... Because he must apply 3553 as of today. Yes. So why must he do that? What in the text would suggest that you must do a new 3553 analysis but you need not do an application of the current guidelines? What's the text that supports that Well, again, the phrase is the court may impose a reduced sentence and I... So if may is the key word, it would seem may equally applies to 3553 as it would to a new guideline. I just am not understanding that distinction. So I could understand an argument that may really in the context here because the word imposed means you must consider everything new and it's just like a new sentence. But I guess I'm having trouble understanding why there's a little bit of discretion but there's some mandatory and it's dividing between guidelines and 3553 because nothing in the text seems to support that. Does that make sense as a question? Well, if I understand it, the word may is what gives the court ultimate discretion whether to reduce the sentence or not. But may impose a reduced sentence, I think, implies that you must, that you must, our position is that you must recalculate the guidelines and under the current version. And maybe I don't understand your question adequately, Judge Barron. Both Judge Barron and I are looking for, and probably Chief Judge Howard, are looking for some language that puts a mandatory obligation on the court to recalculate the guidelines, to must consider anew the current 3553A factors. We find may language in the statute but no must language. Well, what the Fourth Circuit inferred from the clause which included the term may is that may impose implies more than mechanical application. Yeah, I know that the Fourth Circuit is a minority view among the several circuits that have taken this. Can you answer my question? Is that your best shot at the statute is the may impose language? That's the best you can do towards an obligation on the part of the court to do what whether it makes any sense. The statute could not say you must impose a reduced sentence because that would make no sense because it would give this one factor, the change in the guidelines retroactive, the first, the first, the Fair Sentencing Act's retroactive application would overwhelm any other possible consideration. So they, it's completely sensible that they gave discretion as to whether to reduce. What I understand you to be saying and the Fourth Circuit to be saying is, although you obviously have discretion as to whether to reduce in light of the retroactive application of the First Sentencing Act, in deciding whether to do that, you are still imposing a sentence. So you have all the discretion you ordinarily have when you impose a sentence, but you're still imposing one. And in consequence, you must consider all the things that you normally consider in imposing a sentence. That's what I understand the Fourth Circuit essentially to be saying. I take it that's your position. If that's right, then you must consider the 3553 anew, but it would also follow you must consider any guideline that's present today. And that would seem like a coherent account of what the statute says. It might be a surprising result, but just as a textual pattern, it seems to have some integrity. Well, I certainly agree. We didn't go so far as to argue that it had to be a plenary resentencing with the defendant's presence and a hearing and allocution and all of that. And the statute doesn't say in the text what procedure applies. So the court has to infer from the text. What should apply and in the current federal sentencing, 3553A is the starting point. And it makes sense. Go ahead, Judge Howard. No, Judge Barron, one more question, I think. Well, I guess just maybe you can help me the other way. If the strong may position were correct, I suppose what the statute would mean is a district court in imposing the reduced sentence could consider anything. It could consider the new guideline. It could consider whether convictions had been vacated. It could consider post-sentencing conduct. It could do all of that. Or it could choose to do none of that. And if I understand it, if we read it that way, what would guide the district court's choice as to whether to do all of that, none of that, or some of that? Because the statute would seem to give zero direction then as to the discretion for the district court to exercise, which seems like an awfully puzzling thing to have authorized a district court to do. That's not really something you're going to probably disagree with, but I guess that would seem a natural implication of the strong view of may. Why don't we leave it there? You've reserved some time. And if you would go ahead and mute Mr. Ritchie. Ms. Sachs, if you would unmute and you may proceed. Good morning, your honors. May it please the court, Jennifer Sachs for the United States. If I may, I think that the court's focus on the mandatory, the must consider, is perhaps a bit, with all due respect, misguided. I don't think that this, as the government has conceded below, conceded in its brief here, as both parties argue, that there's any question that it's But when the court does say- Why? Why? Why? What in the text authorizes that? I think that the text perhaps does not specifically state that, but I think as your honor pointed out, there has to be a means by which the court is exercising its discretion. The language, obviously, that it is required to take account of and limited to is the as if language. It is not dictated by the as if language. I'm not sure that I agree with that, your honor, because in other words, as if, putting these defendants in a similar equivalent position. Well, then you have to look at 3553 factors holding constant only based on whatever facts were available to the district court at the time of that earlier proceeding. You don't take that position. No, I think that's- The as if language is not dictating the kind of 3553 review that you say is permissible under 404. That must be coming from the word imposed. Well, I think it's a combination of the two, and those defendants, as I understand it, sentenced under the Fair Sentencing Act, would in fact have a sentence that included that review. So in other words, they included a 3553 analysis as well. So in other words, putting these defendants in the equivalent position as the defendants sentenced under the Fair Sentencing Act sort of implicitly folds in the 3553 A factors. But of course, although the 3553 A factors can be considered, none of them are mandatory. The whole point of 3553 is that there's no one reasonable sentence, that the sentencing calculus, the district court can pick and choose which factors it wishes to stress, which are more important, which are less important, and which it feels to have no application. There's no mandatory outcome from the 3553, but there's a mandatory process under 3553. Absolutely, Your Honor. And the mandatory is to consider the sentencing factors. And that's exactly what, as the parties urged the district court to do in this case. And that's exactly what the district court did in this case. Based on the state of the record as of today, or as if it was back then? Well, I think if you look at the language of the district court decision, it's clearly making a determination as of the time of its Fair Sentencing Act. I mean, it's a first step back determination. The court says after discussing the application of the 3553 A factors, the sentence, the fearfully crafted sentence was fair and just, and it remains so today. In other words, the implication is clear. The sentence, despite the changes in the laws, which may not be applicable, but can be viewed sort of as background, despite the post-sentencing conduct with which both parties argued on opposite sides, of course, to the court, that the sentence remains fair and just today. And I think that shows that the district court, what it was well aware of, and in fact explained how its determination was not governed by the guidelines. It acknowledged and both parties agreed below what the revised guidelines were under the Post-Death Act. It was aware of them. It clearly was aware of Amendment 798 because it discussed, it was argued to the court, and obviously you can infer what the court took into account. But we don't even have to do that here because the court discussed at length the application of 798. And interestingly, in language that I think that my brother did not mention, if you look towards the end of the district court opinion, I think it's at page 11, the court points out that while under certain circumstances it could take into account that, although not applicable to this case, for obvious reasons it's not retroactive, 7998 might, in some cases, possibly make a defendant not a career offender under the guidelines. In this particular case, and there's a lengthy footnote to that effect, the factual determination of whether or not this defendant is, in fact, a career offender was something complex, something the court was not going to address in the context of this sentencing period. And clearly it's not obliged to do so because it's not obliged to go back and make these factual, almost counterfactual determinations because it's clear that Amendment 798 by its terms does not apply. It's not retroactive. And it's also clear that as this court held in the context of the denial of the defendant's petition for a second or successive 2255 motion, that this defendant's career offender status is governed by BECL. In other words, BECL, which held that the residual clause of the career offender provision was not unconstitutionally vaped. So those defendants... Go ahead. One thing that's troubling me is that up to this point, this entire argument, both on your part and on the part of Mr. Ritchie, has been assuming that there's got to be some one-size-fits-all approach to First Step Act resentencing. To my mind, I think that sometimes we've got to go back to the actual realities of how the criminal courts work. And I read the Act as really, in effect, contemplating what amounts to a two-step process. The Act was passed by Congress to remedy inequities, which I think most of us recognize were real, between crack cocaine offenses and comparable powder cocaine offenses. So under the First Step Act, as I see it, the sentencing judge's first responsibility with respect to an eligible defendant is to look at the sentence that the defendant is serving and saying, is that sentence still fair and just? For the offense that the defendant committed, having in mind the substantial change in the crack cocaine guidelines that's worked by the First Step Act, if the judge's answer to that question is yes, it remains fair and just, I think it's perfectly plausible to read the statute as requiring that the judge do nothing else except deny the motion. But if the answer to that question is no, that sentence does not remain fair and just. Therefore, it's my obligation to impose a reduced sentence. To my mind, at least, there's a much stronger argument in that circumstance, at that second step, for requiring the sort of thing that the defendant is seeking in this case. Now, shoot some holes in that analysis. Tell me what's wrong with that. Your Honor, I think that analysis is not only plausible, I think that's right, and I also think it's what the district court did in this case. Can you just explain to me how you do the first step of that first step analysis? So when you just look back and you decide, is the sentence fair and just, are you going back in what we knew at the time and changing only the crack cocaine sentencing thing? Was it fair and just then? Or when I'm asking that question, do I take account of the fact that various of these convictions had subsequently been vacated, the law had changed as to what the guidelines were, et cetera? Which of those two things did you have in mind when you answered yes to Judge Selye's question? Well, I think it's the latter, but I think it's sort of under the act, and I collapse because if at that first step of the inquiry to figure out whether it was fair and just in light of the change made by the retroactive application of the Fair Sentencing Act, I have to take account of all the new realities also, then that's the defendant's position, and that was not done here. I think that's, with due respect, I think that's not correct. I think exactly what the District Court did was rebalance the factors, and the parties urged District Court to do so. I mean, we're not in the position where the government was saying you cannot consider any new facts. In fact, the government, in promoting its argument on its side of the ledger, it specifically pointed to the defendant's post-sentencing conduct. In other words, no one was suggesting that the fairness of the sentence was frozen in time as of the date of the original sentence. Still less was the District Court doing so. The District Court not only... Why did you not then apply the new guidelines? Because there's a difference between... What in the text supports the difference? That's what I'm asking. What in the text of 404 supports the difference you're drawing between those two things? I just am not seeing it. I understand, Your Honor, and I think that the text, to the extent it says as I said before, that imposing a reduced sentence as if Section 2 and 3 of the Fair Sentencing Act were in effect, holds in sort of the general jurisprudence of these kind of sentencing. I mean, the fact that the District Court has discretion to go below the guidelines doesn't somehow relieve it of its obligation to correctly calculate the guidelines. And the way to correctly calculate the guidelines is, we do know that from the text of the Act, is to calculate them as if those sections of the Fair Sentencing Act were in effect. And the same thing about the limitation on how the guidelines are recalculated comes in through the Section C of 404, which sets forth the limitations. If a defendant has already received the benefit or been denied the benefit of the Fair Sentencing Act, the defendant can't come in and then re-seek the benefit. In other words, it's to establish a level playing field to put these defendants who were excluded because of the timing of their sentencing from the benefits of the Fair Sentencing Act, to give them that benefit. And to give them more benefits, to give them a completely new set of guidelines based on considerations outside of the Fair Sentencing Act, would create the kind of anomalies that we pointed to in our brief. You'd establish this thin sliver of defendants who would be in a markedly better position than not only defendants who had committed crimes involving other drugs, but also from those defendants who had committed crack cocaine offenses, but were sentenced after the Fair Sentencing Act. It's already been held by this court that he's a career defendant. There's no way. Ms. Sachs, I think I'm going to have to cut you off there. We've gone quite a bit over. So if you would mute. And Mr. Ritchie, you have some rebuttal. Judge Selye, I disagree with your two-step process. I think it puts the cart before the horse. By what standards does a judge determine that the sentence is fair or not fair? He or she applies the as-if clause in the statute, all right? And says, if the new ratios and new provisions provided in the portions that the Fair Sentencing Act tells me specifically, I have to consider, if those were all in effect, would I still have imposed the same sentence? Would the sentence still be fair and just? In other words, if the disparity that the statute is designed to eliminate is eliminated, would the sentence still be fair and equitable? Judge Young asked that very question. He answered that question. He said the sentence would still be fair and just. I'd impose the same sentence again under the revised guidelines. I think it's the disparity drove the sentence in a meaningful way and therefore this defendant deserves a reduced sentence. Then I think before imposing a reduced sentence, I think it's perfectly logical for the judge, at least as a matter of discretion, to take into account guidelines, changes, and things of that sort. But I don't find any language in the statute that requires her to do that. The statutory history makes clear that Congress wanted defendants to have an individualized review. An individualized review of whether they had been unfairly penalized by the crack powder disparity. If Congress had wanted the individualized review to extend in every case beyond that, then the as-if clause would have been written quite differently. It wouldn't have been limited in the way that it was. I respectfully disagree that it's limited. I think the language of the as-if clause simply makes the fair sentencing act retroactive, as I argued in my principal brief. May I just briefly respond to Ms. Zaks? I strongly disagree that Judge Young balanced the 3553A factors in this case. And I point the court to my reply brief at pages 2 through 7, where I explain why the opinion shows that he did not. And his statement... Can I just ask you one question? I'm not tracking something. I want to see if I can understand it. Because there seems to be a gap between Judge Selye's account of how the statute operates and at least what the government is saying the district court did here. As I understand it, the government is saying that the district court here did a new 3553 calculation. Yes, they do say that. Based on a deep understanding of the world. Yes. If the district court did that, it could not have done what Judge Selye, I think, was suggesting was the procedure, which is to hold everything constant as if nothing had changed and look only at the change affected by the retroactive application of the first of the Fair Sentencing Act, right? Yes. So I guess I'm just still puzzled by what seems to be the government's position, the position of a number of courts, that there is a world in which you can do a new 3553 analysis, but only a new 3553 analysis and nothing else. I just am not grasping that, but go on. With regard to whether he considered 3553 anew, he says at page five, if conception came before the court today and the court considered only the changes in law that the Fair Sentencing Act enacted, his sentence would be the same. So that text, among others, shows that he did not do a 3553 analysis. If I may, just my last point is with regard to the disparity argument that the government made at the end, that this group of defendants would be treated differently if they got the benefit of current guidelines. That is a consideration that the court can take into account when deciding whether to reduce the sentence. It is one of the enumerated 3553A factors, and the court could say, I think it's just a windfall for this defendant, therefore I'm not reducing the sentence. And if he did it under that, if he first correctly calculated everything and then decided a reduction was not warranted, I think that would not be an abuse of discretion and unassailable. Thank you. Thank you both. Thank you. That concludes argument in this case.